# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN DYE,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0273** (BOR Appeal No. 2050763)
(Claim No. 2014011698)

**ARCELORMITTAL USA XMB,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Dye, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated February 19, 2016, in which the Board affirmed an August 4, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 1, 2014, decision which denied the addition of L5-S1 disc herniation to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Dye, a mine inspector, was injured on October 10, 2013, while pushing a box. The employee's report of injury indicates he injured his lower back while pushing a metal box the day before. The diagnosis was listed as lower back strain and it was indicated that Mr. Dye aggravated a prior injury/disease of bulging discs in the lower back.

1

Mr. Dye sustained a prior lower back injury on March 14, 2013, while moving a miner cat head. An MRI taken on April 6, 2013, showed an L5-S1 paracentral disc protrusion and degenerative disc disease. He was treated for the injury by Jeffrey Greenberg, M.D., who placed Mr. Dye on light duty work for a few months while he underwent therapy. He returned to full duty work on June 3, 2013.

Following the October 10, 2013, injury, Mr. Dye began experiencing increased lower back pain. An MRI taken on November 11, 2013, revealed a left paracentral disc protrusion at L5-S1, markedly impinging on the left lateral recess and descending S1 nerve root. Treatment notes from Dr. Greenberg indicate Mr. Dye was seen on November 15, 2013. He was walking with a limp and had difficulty sitting for any period of time. Dr. Greenberg recommended a lumbar epidural injection and released Mr. Dye to return to light duty. The lumbar injections were approved by the claims administrator on November 27, 2013. On December 12, 2013, Dr. Greenberg noted that Mr. Dye had a focal disc rupture at L5-S1 and that pain medication was not working. He was in intense pain so Dr. Greenberg recommended a microlumbar discectomy and referred Mr. Dye to John Orphanos, M.D. On November 27, 2013, the claim was held compensable for aggravation of a pre-existing disc protrusion at L5-S1 on the left.

Dr. Orphanos saw Mr. Dye on January 9, 2014. At that time, he reported severe back pain that radiated into the left leg. Dr. Orphanos diagnosed displacement of lumbar intervertebral disc and low back and left leg pain likely secondary to the herniated disc. He recommended a discectomy with decompression which he performed on March 7, 2014. On May 20, 2014, Mr. Dye's symptoms had improved but he still has back pain. He was referred to physical therapy. On April 17, 2014, he requested to return to full duty work and Dr. Orphanos agreed.

In an addendum report dated March 20, 2014, Joseph Grady, M.D., noted that the compensable condition in the claim is lumbar sprain. He stated that he had reviewed Mr. Dye's treatment notes and opined that the L5-S1 disc herniation was a pre-existing condition, as seen on the April 6, 2013, MRI, for a previous back injury. Dr. Grady stated Mr. Dye's symptoms increased as a result of the pre-existing condition and opined that he suffered an aggravation of a pre-existing disc herniation at L5-S1. Based on his report, the claims administrator denied the addition of L5-S1 disc herniation to the claim on October 1, 2014.

The Office of Judges affirmed the claims administrator's decision in its August 4, 2015, Order. It stated that the claims administrator's November 27, 2013, compensability Order correctly characterized the October 10, 2013, injury as causing an aggravation of a pre-existing disc protrusion at L5-S1 on the left. The Office of Judges held that the compensable injury did not cause the herniated disc. Mr. Dye was first diagnosed with a herniated L5-S1 disc on April 6, 2013, months before the October 10, 2013, injury at issue. However, the Office of Judges did conclude that aggravations of pre-existing conditions are compensable and found Mr. Dye was entitled to treatment due to said aggravations. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 19, 2016.

After review, we have determined that this case should be remanded to the Office of Judges for consideration of this Court's recent decision in *Gill v. City of Charleston*, 236 W.Va.

737, 783 S.E.2d 857 (2016). In the rejection of Mr. Gill's request to add diagnoses resulting from his prior back injuries to his claim, we held that:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3. As this case deals with an aggravation of Mr. Dye's pre-existing injury, it must be determined if *Gill* applies.

For the foregoing reasons, we find that the decision of the Board of Review is based upon erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to consider the case in light of this Court's decision in *Gill.*

Reversed and Remanded.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker